UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CALVIN JAMES,

        Defendant.

Case No. 04-CR-285-18-JPS

**ORDER**

**1.    BACKGROUND**

On December 30, 2020, Defendant filed a motion for compassionate release. (Docket #1592). The motion is fully briefed, and, for the reasons stated below, the Court will deny it.

**2.    FACTS**

Defendant is serving a federal sentence after being found guilty at trial of a drug-related crime. (Docket #1050). On February 2, 2007, this Court sentenced Defendant to 360 months in prison. (*Id.*) Defendant is currently detained at Federal Correctional Institution Fairton ("FCI Fairton") in Fairton, New Jersey.

In his motion, Defendant asks the Court to release him from prison because his health conditions place him at increased risk of harm from COVID-19. (Docket #1592 at 11–18, 19–26). Defendant suffers from health ailments including diabetes, obesity, arthritis, chronic gastrointestinal disorders, and mental health issues. (*Id.* at 7–8).

As of September 17, 2021, FCI Fairton reports that no inmates and one staff member have active cases of COVID-19.[1] One inmate death has been reported, and 229 inmates and 76 staff have recovered from the virus.[2] Further, FCI Fairton is reporting that 157 of its staff and 830 of its inmates have been *fully* vaccinated.[3]

**3. LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same

---

[1]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Sept. 17, 2021).

[2]*Id.*

[3]*Id.*

determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Page 3 of 7
Case 2:04-cr-00285-JPS   Filed 09/17/21   Page 3 of 7   Document 1614

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4. ANALYSIS

First, the Government does not contest that Defendant exhausted his administrative remedies. (Docket #1600 at 4); *Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant suffers from a list of health conditions including diabetes, obesity, arthritis, chronic gastrointestinal disorders, and mental health issues. (Docket #1592 at 7–8). Some of these conditions appear on the Centers for Disease Control and Prevention's list of conditions that can make a person more likely to get

severely ill from COVID-19.[4] The parties submitted extensive medical records, but the Court need not wade too deep into them.

Since Defendant filed his motion, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[5] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[6]

The parties engaged in heated briefing on how much mitigating effect the COVID-19 vaccine should have on the Court's analysis of whether Defendant has demonstrated an extraordinary and compelling reason warranting his early release. (*See* Docket #1603, #1605, #1608, #1609, #1611). Since the parties submitted their filings, however, that debate has been decided. Quickly, it is becoming well-settled law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United*

---

[4]*People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 17, 2021).

[5]FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[6]*See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

*States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

Despite Defendant's concerns back in December 2020 that prisoners would be "placed at the back of the line," (Docket #1592 at 26), vaccination at FCI Fairton is well underway. In fact, Defendant has been vaccinated. (Docket #1605-1 at 85). The Court concludes that the combination of Defendant's health issues is mitigated by his vaccination status and by the vaccination efforts at FCI Fairton. The Court finds that Defendant has not presented an extraordinary and compelling reason warranting his early release. *See Sullivan*, No. 20-2647, 2021 WL 3578621, at *2.

5. **CONCLUSION**

Defendant has exhausted his administrative remedies. However, he has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #1592). The Court will grant the parties' motions to seal and motions to file additional briefs, (Docket #1591, #1599, #1601, #1604, #1607, #1609, #1610). The Court will deny as moot Defendant's motion to appoint counsel, (Docket #1572), as Federal Defender Services of Wisconsin, Inc. agreed to represent Defendant without the Court's appointment.

Accordingly,

**IT IS ORDERED** that Defendant Calvin James's motion for compassionate release (Docket #1592) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the parties' motions to seal and motions to file additional briefs (Docket #1591, #1599, #1601, #1604, #1607, #1609, #1610) be and the same are hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant Calvin James's motion to appoint counsel (Docket #1572) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2021.

BY THE COURT:

________________________________

J. P. Stadtmueller
U.S. District Judge

